UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

MARTIN "ANTONIO" ONTIVEROS,

                Plaintiff,

    -v-

NAM'S FAMILY INC. d/b/a/ VARIETY CAFÉ
and YUN OC NAM,

                Defendants.

------------------------------------------------------------X

USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 4/3/13

No. 12 Civ. 5331 (RA)

ORDER

RONNIE ABRAMS, United States District Judge:

    The parties in this Fair Labor Standards Act case have settled their dispute and have submitted their settlement agreement for the Court's review. The parties have also submitted a joint letter setting forth their views as to why their settlement is fair and should be approved. Having reviewed the agreement and the letter, the Court finds the parties' settlement to be fair and reasonable. Accordingly, it is hereby:

    ORDERED that the parties' settlement is approved. This case is dismissed with prejudice. All pending motions are denied as moot.

SO ORDERED.

Dated:    April 3, 2013
            New York, New York

                                          Ronnie Abrams
                                          United States District Judge

LAW OFFICES OF
# ROBERT L. KRASELNIK, PLLC
271 MADISON AVE. SUITE 1403
NEW YORK, NY 10016

robert@kraselnik.com
www.kraselnik.com

Tel: 212-576-1857
Fax: 212-576-1888

April 2, 2013

**Via: Email**
The Honorable Ronnie Abrams, U.S.M.J.
United States District Court, S.D.N.Y.
United States Courthouse
500 Pearl Street,
New York, NY 10007

Re:   Ontiveros v. Nam's Family Inc. et al.
      Case No.: 12 CV 5331

Dear Judge Abrams:

We represent the plaintiff, Martin "Antonio" Ontiveros ("Plaintiff"), in this action and are writing jointly with Defendants, Nam's Family Inc. and Yun Oc Nam ("Defendants"). We write pursuant to the Court's directive that we provide the Court with information regarding the proposed settlement of this matter so that the Court may determine whether it is reasonable and should be approved. As the Court is aware, this matter was brought under the Fair Labor Standards Act and New York State Labor Law. The parties have agreed to resolve the matter for $10,000. The Settlement Agreement ("Agreement") is attached as Exhibit A.

By way of background, Plaintiff alleges that on or about April 1, 2013, he was hired by Defendants to work at Defendants' Variety Café, a food and beverage establishment located at 339 Broadway, New York, NY 10013. Plaintiff worked as a food preparer and cook for Defendants until December of 2011. In his Complaint, Plaintiff alleges that while employed by Defendants he worked an average of 60 hours per week. He alleges his pay consisted of an hourly rate of $9 and that he was paid the same hourly rate for all of his hours worked in the workweek including those over 40.

Based on our allegations, we calculate Defendants' exposure (should Plaintiff prevail at trial) as a total of $20,790. This includes both federal and state liquidated damages. Defendants, on the other hand, contend that Plaintiff was an hourly paid employee and that there was an express agreement to this effect that included an understanding of the overtime

The Honorable Ronnie Abrams, U.S.M.J.
Page 2

rate. Moreover, Defendants have provided documents that arguably show that Plaintiff was paid overtime correctly. In the course of settlement negotiations, Defendants also noted that the business is facing financial hardships and in fact have closed one of their locations.

Accordingly, although Plaintiff's maximum recovery would have been $20,790, in our opinion this case presented challenges both substantively and with respect to collection.

The proposed $10,000 settlement will be divided as follows: $5,500 for Plaintiff and $4,500 for Plaintiff's counsel. Although my lodestar totals more than the $4,500 I will recover if this settlement is approved, my contingency agreement with my client caps my fees at 40% of the total recovery plus up to $500 in expenses. I spent $580 in filing and service fees. The rate at which I am billing is $550 per hour, a rate that has been approved for my legal services in FLSA actions in both the Southern and Eastern Districts of New York. *See, Marte et al. v. Energy Resources Personnel LLC, et al.*, 11-cv-2490 (SDNY); *Han v AB Green Gansevoort, LLC, et al.*, 11-cv-2423 (SDNY); *Han, et al. v. Sterling National Mortgage Company, et al.*, 09-cv-5589 (EDNY); *Amaya, et al. v. 166 Park Inc. et al.* 11-cv-1081 (EDNY).

In light of the fact that Defendants offered to pay $10,000 over a reasonable period (five equal monthly payments), Plaintiff, after having carefully evaluated the risks in consultation with counsel, concluded that the settlement contained in the Agreement is fair and reasonable.

With respect to the confidentiality of this agreement, both Plaintiff and Defendants see no compelling reason for the Court to seal this agreement. However, the parties would like to enforce the aspects of the confidentiality provision that proscribe Plaintiff from talking about the agreement.

Accordingly, we respectfully request that Your Honor approve the Settlement Agreement. We thank Your Honor for considering this matter.

Respectfully submitted,

Robert L. Kraselnik

Enc.

## CONFIDENTIAL SETTLEMENT AGREEMENT AND GENERAL RELEASE

This Confidential Settlement Agreement and General Release ("the Settlement Agreement") is made and entered into by and between, on the one hand, Martin "Antonio" Ontiveros ("CLAIMANT"), and on the other, Nam's Family Inc. d/b/a Variety Café and Yun Oc Nam (together, "COMPANY") (all parties collectively, "the Settling Parties"), as of February ___, 2013.

### RECITALS

A. WHEREAS, on or about July 10, 2012, CLAIMANT filed an action (the "Action") against COMPANY alleging, inter alia, that COMPANY failed to pay him certain wages due in connection with services he performed on its behalf. The aforementioned Action is currently pending in the United States District Court, Southern District of New York, Case No. 12-CV-5331;

B. WHEREAS, the Court has made no determination with respect to the claims presented;

C. WHEREAS, COMPANY admits no wrongdoing nor any liability with respect to CLAIMANT'S allegations;

D. NOW, THEREFORE, in consideration of the foregoing and in consideration of the covenants, warranties and promises set forth below, receipt of which is hereby acknowledged, the Settling Parties agree as follows:

### AGREEMENT

1. <u>Consideration.</u> The Settling Parties are entering into this Settlement Agreement in exchange for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged. CLAIMANT agrees that he will not seek any further consideration from COMPANY, including any monetary payment, beyond that which is set forth in Paragraph 2 of this Settlement Agreement.

2. <u>Settlement Compensation and Full General Release.</u>

COMPANY agrees to pay CLAIMANT the total sum of ten thousand dollars ($10,000) ("Settlement Amount") as follows:

**First Payment**

On or before March 1, 2013, COMPANY shall deliver to Law Offices of Robert L. Kraselnik, PLLC, 271 Madison Avenue, Suite 1403, New York, NY 10016 (or any other address provided by CLAIMANT'S counsel), a check in the amount of $1,100.00, without any deductions or withholdings, payable to "**Martin Ontiveros**";

3.      Taxes. CLAIMANT understands and agrees that COMPANY is not withholding federal or state income taxes, FICA, Social Security, Medicare, or any other withholding from the settlement payment and therefore agrees and promises to pay all taxes which may be due with respect to those portions of the Settlement Payment in the event a governmental taxing authority determines that any such taxes are due. CLAIMANT further agrees to indemnify and hold COMPANY harmless from all liabilities for failing to withhold the foregoing tax items from the Settlement Payment to them.

4.      Cooperation. CLAIMANT and COMPANY mutually agree that they will not disparage each other and will say or do nothing to bring discredit upon the other.

5.      Entire Agreement. This Settlement Agreement constitutes the complete understanding of the Settling Parties. No other promises or agreements shall be binding unless agreed to in writing and signed by the Settling Parties.

6.      Confidentiality. -- CLAIMANT, COMPANY and their attorneys agree that the terms of this Settlement Agreement are strictly confidential and shall not be disclosed to anyone other than their respective attorneys, accountants or tax advisors or as required by law. Additionally, CLAIMANT and his attorneys expressly agree to keep strictly confidential and not discuss, disclose, or reveal, directly, or indirectly, to any person, business, media, or entity of any type whatsoever, any and all the following: (a) the fact or existence of this Agreement; and (b) any non-public aspect of any of the operations and activities of COMPANY, its staffed personnel and individuals for whom it is responsible or who otherwise in its charge. Further, CLAIMANT and his attorneys agree not to contact any current of former employees for the COMPANY and/or customers to discuss his allegations against the COMPANY and/or the nature and terms of the Agreement. CLAIMANT represents and agrees that any disclosure of information contrary to the terms of this confidentiality provision by his or any of his confidantes noted above is a material breach and would cause COMPANY injury and damage, the actual amount of which would be impossible to determine. Accordingly, CLAIMANT consents to entry of injunctive relief in addition to any and all remedies under this Agreement. CLAIMANT further agrees that COMPANY shall be entitled to recover all sums paid under this Agreement to CLAIMANT as liquidated damages if the Court determines that CLAIMANT has breached this Settlement Agreement.

7.      Voluntary Dismissal. Within five (5) days after receipt of the First Payment delineated in Section 2 of this Settlement Agreement, Plaintiff will file a Stipulation of Dismissal With Prejudice in the Action pursuant to Rule 41(a)(1)(ii) of the Federal Rules of Civil Procedure.

IN WITNESS THEREOF, the Settling Parties hereto evidence their agreement by their signature below.

_____
Martin Ontiveros

Nam's Family Inc. d/b/a Variety Cafe

By: _____
Name: Yun Oc Nam
Title: Owner

_____
Yun Oc Nam